```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROXANNE SUPULSKI,

                        Plaintiff,              13-CV-6253T

           v.                                   DECISION
                                                and ORDER
DANSVILLE CENTRAL SCHOOL DISTRICT,

                        Defendant.
_____
```

INTRODUCTION

Plaintiff Roxanne Supulski ("Supulski"), represented by counsel, brings this action pursuant to the Americans with Disabilities Act ("ADA") claiming that the defendant Dansville Central School District ("Dansville" or the "District" or the "School District") unlawfully retaliated against her for exercising rights under the ADA. Specifically, plaintiff, who is a former employee of the School District, and who alleges she had a disability which prevented her from being in the same room as her supervisor, claims that she was retaliated against after she entered into a separation of employment agreement with the defendant. As evidence of retaliation, plaintiff alleges that after she agreed to resign from her employment, and was no longer required to report to work, she: (1) was prevented from retrieving her personal belongings in a timely manner; (2) had her work email address discontinued; (3) had her name removed from the School District's public directory of employees found on the District's website (4) failed to receive information regarding post-employment

benefits (5) was the subject of rumors spread by employees of the defendant alleging that she had been fired; (6) was prohibited from entering School District property; (7) was denied sick time and vacation time; (8) was treated less favorably than other former employees; and, (9) was replaced by a new employee more quickly than she would have liked.

Defendant denies plaintiff's claims and moves for summary judgment on grounds that plaintiff has failed to state a cause of action for retaliation.  Specifically, defendant contends that in July, 2012, the parties entered into a settlement agreement pursuant to which plaintiff agreed to retire effective January 1, 2013.  The agreement further provided that plaintiff would be paid her salary until January 1, 2013, but would be allowed to use accrued vacation, sick, and personal days so that she would not have to return to work upon entering into the agreement.  Plaintiff also agreed to drop previously filed discrimination claims against the School District.  Dansville contends that it honored the agreement, and that plaintiff raised claims of retaliation only after the defendants refused to allow her to revoke the agreement and return to her employment.

The School District further moves for an award of fees against the plaintiff on grounds that if its motion for summary judgment is granted, it will be the prevailing party in this action, and fees are warranted because plaintiff's Complaint is frivolous, without

foundation, unreasonable, or brought in bad faith. Plaintiff opposes the defendant's motion.

For the reasons set forth below, I grant defendants' motion to dismiss plaintiff's Complaint and grant defendant's request for fees.

BACKGROUND

The following facts are derived from the defendant's statement of facts and the plaintiff's response thereto.

According to plaintiff Roxanne Supulski, she began her employment with the Dansville Central School District in 1980, however the defendant claims that she started employment in 1982. In 2012, plaintiff served as an administrative assistant to the District Food Service Manager. In March, 2012, Supulski presented a doctor's note to the defendant stating that she needed to remove herself from her office if her supervisor was present. The note provides no explanation why plaintiff needed to not be in the presence of her supervisor, nor did it disclose any medical condition suffered by the plaintiff. Indeed, there is no information in the record as to what plaintiff's purported disability is.

Because plaintiff allegedly could not work in the presence of her supervisor, she was placed on paid administrative leave while the parties attempted to resolve the matter. As a result of being placed on paid leave, plaintiff filed an administrative charge of

disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). Neither party has submitted the administrative complaint that plaintiff filed on March 9, 2012.

The parties were able to come to a negotiated resolution of the matter before the EEOC, and on July 24, 2012, plaintiff signed a settlement agreement with the School District. Pursuant to the terms of the agreement, plaintiff agreed to withdraw her EEOC Complaint, and to retire from the District effective January 1, 2013. Plaintiff also agreed to waive any claims, known or unknown, arising out of, or resulting from, her employment with the School District, including claims for discrimination and retaliation. In return, the School District agreed to allow plaintiff to use accrued sick days, vacation days, and personal days so that she would not have to return to work, but would continue receiving her full salary and benefits until January 1, 2013. The School District also allowed plaintiff to be eligible for a "special retirement benefit". In addition, the District agreed to pay plaintiff $1,500.00.

Following plaintiff's signing the settlement agreement, the School District hired a new administrative assistant assigned to serve the Director of Food Services. Additionally, the District presented the settlement agreement to the School Board for approval. On August 14, 2012, the School Board approved the settlement and plaintiff's resignation, and on August 15, 2012, the

District, by the Superintendent of Schools, signed the settlement agreement. The District closed plaintiff's work-issued email account, and removed her name from the District's directory of employees.

On August 20, 2012, plaintiff inquired the District about retrieving her personal belongings that remained on District property. In response, the Superintendent of the District sent a letter to Supulski that day inviting her to pick up her belongings on August 27, 2012. On August 27, plaintiff arrived at the District, and collected all of her belongings without incident.

Thereafter, on August 31, 2012, plaintiff sent a letter to the Superintendent purporting to revoke the settlement agreement. The District refused plaintiff's attempt to revoke the agreement, and on November 7, 2012, plaintiff sent a second letter indicating that she was "rescinding" her intent to retire. Again, however, the District rejected plaintiff's attempt to rescind her agreement to retire because the agreement to retire was irrevocable.

On November 23, 2012, plaintiff filed a new administrative complaint of discrimination with the EEOC claiming that the district was retaliating against her on the basis of a disability. Specifically, plaintiff claimed in her complaint that she had "neither offered a retirement or resignation" and that she was "still employed" by the District. She claimed that after she filed the previous discrimination complaint, the District retaliated by

preventing her from getting her personal belongings, failing to accommodate her disability, closing her email account, hiring a replacement, and allowing employees to spread rumors about her. On February 21, 2013, the EEOC dismissed plaintiff's administrative complaint, and on May 16, 2013, plaintiff filed the instant action.

## DISCUSSION

### I. The Defendant's Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Tolan v. Cotton, ___, U.S., ___; 134 S. Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

### II. Plaintiff has failed to state a prima facie case of retaliation.

Plaintiff alleges that the defendant retaliated against her for filing a claim of discrimination with the EEOC. Claims of

6

retaliation are reviewed by the court under the burden-shifting approach set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir.2013). "Under the first step of the McDonnell Douglas framework, the plaintiff must establish a prima facie case of retaliation by showing 1) 'participation in a protected activity'; 2) the defendant's knowledge of the protected activity; 3) 'an adverse employment action'; and 4) 'a causal connection between the protected activity and the adverse employment action.'" Id. at 844; Henry v. Metro. Transp. Auth., 2014 WL 4783014 at *18 (S.D.N.Y. Sept. 25, 2014) "[I]f the plaintiff meets this burden, the defendant employer must then articulate a legitimate, nondiscriminatory reason for its adverse employment action." Id. (quoting Tepperwien v. Energy Nuclear Operations, Inc., 663 F.3d 556, 568 n. 6 (2d Cir.2011)). If the defendant is able to set forth a legitimate, non-discriminatory reason for taking adverse action, the plaintiff must then rebut the defendant's proffered explanation by presenting evidence that retaliation was the "but-for" cause of the adverse action. Henry, 2014 WL 4783014 at *18 (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2534 (2013). "'[B]ut-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." Kwan, 737 F.3d at 846.

In the instant case, plaintiff is unable to establish a prima facie case of retaliation. It is undisputed that the plaintiff and defendant entered into a settlement agreement pursuant to which the plaintiff agreed to retire from her employment effective January 1, 2013. In return, the defendant agreed to, <u>inter alia</u>, pay plaintiff her full salary and benefits from March 9, 2012 through December 31, 2012, without requiring the plaintiff to work for the District during that period. The defendant effectuated the agreement by complying with all terms of the agreement. Plaintiff's claims that she was "retaliated" against: alleging that the defendant hired an employee to replace her, closed her work email account, and removed her from a listing of employees, none of which are supported by the record. In establishing that it did not engage in any retaliatory behavior, defendant has presented undisputed evidence demonstrating that no adverse employment action was taken against the plaintiff, and that there was no retaliatory motive in any action taken by the District. Rather than attempt to controvert any of the arguments or evidence presented by the defendant, plaintiff simply opposes the defendant's motion by stating that she has "put forth facts which create, in toto, genuine issues of material fact which should be . . . tried." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at p. 9. Plaintiff does not, however, identify a single material fact that is disputed, or offer any

explanation as to how the actions taken by the defendants were adverse, or retaliatory.

Because plaintiff's claim is completely devoid of all merit, I grant defendant's motion for summary judgment, and dismiss plaintiff's Complaint with prejudice.

III. <u>Defendant is entitled to an award of Fees</u>.

The ADA provides that a district court, in its discretion, may award fees to a prevailing party in a disability discrimination action. 42 U.S.C. § 12205 ("In any action ... commenced pursuant to this chapter, the court ... in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs ...."). Although both employers and employees may 'prevail' and therefore recover fees under the Act, the standard for awarding fees to employers is higher. An award of fees to an employer is appropriate only when the suit is brought in bad faith or when it is frivolous, unreasonable, or without foundation. <u>Adkins v. Briggs & Stratton Corp.</u>, 159 F.3d 306, 307 (7th Cir. 1998) (<u>citing</u> <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421-22 (1978). Nevertheless, even where a court finds that an action brought against a defendant was frivolous, unreasonable, or without foundation, the court is not compelled to award attorney's fees. The determination to award fees is within the sound discretion of the court, which may

consider equitable factors including the plaintiff's ability to pay an award of fees and costs. Adkins, 159 F.3d at 307-308.

An award of fees to a defendant "should be made only under the most compelling of circumstances." Red Cloud Owen v. Albany Steel, Inc., 958 F. Supp. 94, 97-98 (N.D.N.Y. 1997) (quoting Dailey v. District 65, UAW, 505 F.Supp. 1109, 1110 (S.D.N.Y.1981). In the instant case, I find that an award of limited fees and costs is warranted. Plaintiff's claim that she was retaliated against for filing a complaint of discrimination with the EEOC is completely devoid of any reasonable basis. It is clear in this case that the plaintiff settled a claim with the School District pursuant to which she was allowed to receive her full compensation and benefits from the District for more than nine months without working. She irrevocably agreed to resign her employment, and accepted all the benefits of her bargain. That plaintiff regretted her decision to resign and unsuccessfully attempted to revoke her resignation does not establish that the defendant retaliated against her. Her attempt to create a retaliation claim where none exists warrants consideration of a limited award of fees and costs. Accordingly, the defendant is directed to make an application to the court for reasonable attorney's fees and costs incurred in the defense of this action by no later than December 31, 2014. Plaintiff shall file a response to defendant's application for fees and costs on or

before January 15, 2015, and the matter will be deemed submitted to the Court on January 16, 2015.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for summary judgment, and for an award of reasonable fees and costs incurred in the defense of this action, to be determined by this court upon defendant's application, which shall be filed on or before December 31, 2014. Plaintiff shall respond to the defendant's motion on or before January 15, 2015. Plaintiff's Complaint is dismissed with prejudice. The Court retains jurisdiction over the separate issue of the determination of an award of attorney's fees to the defendant.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
December 17, 2014